UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BLAKE BOOKSTAFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-85 |
| | ) | (Varlan/Guyton) |
| WILLIAM J. MARQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 34] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers [Doc. 30] and the plaintiff's Motion for Sanctions [Doc. 32]. The Court held a hearing on these motions on February 22, 2007.

The plaintiff Blake Bookstaff and the defendant William J. Marquez were jointly involved in several internet-related business ventures. On March 8, 2006, Bookstaff filed this action [Doc. 1] pursuant to 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, alleging that Marquez has falsely claimed that Bookstaff failed to disclose material facts to him in connection with the sale of Marquez's interest in North American Internet, LLC ("NAI") to Bookstaff. Bookstaff alleges that the sales agreement at issue provides that the venue for any action arising out of the agreement shall be in Knox County, Tennessee. Accordingly, Bookstaff asks the

Court to enter a judgment declaring that Marquez is not entitled to any additional monies relating to the sale his interest in NAI and has no claims against Bookstaff arising out of the sale. [Doc. 1].

On March 28, 2006, Marquez filed a motion to dismiss [Doc. 3], based upon a lack of personal and subject matter jurisdiction and improper venue. Specifically, Marquez alleged that he was not subject to personal jurisdiction in Tennessee, as he had not had any significant contact with the forum. Marquez further argued that there is a prior-filed action pending in a Florida state court involving the same parties and the same issues.[1]

Bookstaff filed a motion for sanctions [Doc. 10] on June 14, 2006, arguing that the defendant's motion to dismiss was factually and legally unwarranted. On August 17, 2006, this Court denied the plaintiff's motion as premature, because the defendant's motion to dismiss had yet to be ruled on by the District Court. [Doc. 16]. On October 20, 2006, the District Court entered an agreed order denying the defendant's motion to dismiss as moot on the grounds that the defendant had filed an answer admitting that the Court had personal and subject matter jurisdiction in this case. [Doc. 26].

Meanwhile, on September 21, 2006 Bookstaff filed an Amended Complaint [Doc. 20]. Count I of the Amended Complaint seeks damages, on a breach of contract theory, including legal fees and costs associated with litigating venue and jurisdiction issues.

On November 6, 2006, the plaintiff filed the present motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers [Doc. 30] and on November 7, 2006 the plaintiff filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure

---

[1]The Florida Court has subsequently ruled that Marquez's Florida lawsuit should be stayed as a matter of comity and because venue is proper in Knox County, Tennessee. [Doc. 18 Ex. 1].

2

[Doc. 32]. For grounds, the plaintiff argues that sanctions are warranted because the defendant and his counsel filed a frivolous motion to dismiss and refused to withdraw it after its deficiencies were repeatedly called to the defendant's attention. For sanctions, Bookstaff asks the Court to (1) dismiss Marquez's counterclaim; (2) award attorneys' fees and costs; (3) instruct the jury that Marquez improperly sought to avoid litigating in this Court in violation of his contract; (4) order Marquez to travel to Tennessee for his deposition; and (5) award Bookstaff a judgment as to liability on his claim for breach of contract. [Doc. 33].

In his Amended Complaint [Doc. 20], Bookstaff asserts that "Marquez's actions in filing, prosecuting and opposing the dismissal of the Florida Lawsuit constitute a breach of the NAI Stock Purchase Agreement and the 2005 Stock Purchase Agreement." As Bookstaff's counsel explained to the Court in a letter [Doc. 38] dated February 27, 2007:

> Plaintiff's Amended Complaint includes a claim for breach of the various stock sales agreements and the damages sought include the attorneys' fees incurred in connection with the Defendant's Motion to Dismiss. The theory of this count is that Mr. Marquez breached the contracts by contending that venue and jurisdiction were proper only in Florida, not Tennessee, and was therefore liable for the attorneys' fees caused by that breach.

Upon review of the plaintiff's motions for sanctions, as well as the Amended Complaint [Doc. 33], the Court concludes that the subject matter of these motions is inter-related with Bookstaff's breach of contract claim and Marquez's defenses thereto. Because the subject matter of these allegations is so intertwined with this underlying substantive issue, any determination of sanctionable behavior would effectively usurp the duty of the finders of fact. As such, the Court is constrained to conclude that it would not be in the interest of justice to rule upon the sanctions motions at this time. For these reasons, the plaintiff's Motion for Sanctions Pursuant to 28 U.S.C.

§ 1927 and the Court's Inherent Powers [Doc. 30] and the plaintiff's Motion for Sanctions [Doc. 32] are administratively **DENIED WITHOUT PREJUDICE TO REFILING** following the decisions of the finder of fact in this case.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge